UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH JOHNSON, a single person; SHELBY JOHNSON-ROWELL, a single person; and AFALLON PETTIJOHN and BENJAMIN PETTIJOHN, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 14-5064 KLS<br><br>ORDER DENYING MOTION FOR PROTECTIVE ORDER |

Allstate filed a Motion for Protective Order (Dkt. 66) requesting an order "prohibiting depositions of, discovery to, and questions regarding Allstate employees named and/or mentioned subsequent to Plaintiffs' filing of the IFCA notice on November 7, 2013" on the grounds that such discovery is irrelevant. The Plaintiffs oppose the motion.

ORDER DENYING MOTION FOR PROTECTIVE ORDER- 1

## LAW

Fed. R. Civ. P. 26(c) permits any party or person **from whom discovery is sought** to move for a protective order.

## DISCUSSION

The Defendant is seeking a protective order to prevent depositions or discovery from certain unidentified employees of Allstate and from whom no discovery is currently being sought.

While the parties raise several arguments in favor of and in opposition to the motion, the Court is focused on the fact that the Plaintiffs are not, at this time, seeking any discovery from the individuals for whom Allstate seeks protection. The Court interprets Rule 26(c) as having a threshold requirement that "discovery is sought" from the person or party seeking the protective order. That is currently not the case. It is only when discovery is being sought from a person or party that the court would then be in a position to assess whether there is good cause for the motion for protective order and what, if any, limitations on discovery should be imposed.

Due to the fact that discovery is not being sought from any of the unidentified individuals, the motion for protective order is **DENIED**.

## SANCTIONS

Fed. R. Civ. P. 26(c)(3) references Rule 37(a)(5) for the determination as to whether an award of expenses should be made. Fed. R. Civ. P. 37(a)(5)(B) is applicable inasmuch as the Court denied the Defendant's motion for a protective order:

> If the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

In light of the Rule 37(a)(5)(B)'s directive, the Court is ordering the Defendant to file a brief setting forth its position as to why expenses and fees should not be imposed on or before November 7, 2014.  Plaintiff may file its brief in support of an award of expenses and fees on or before November 14, 2014.  The Plaintiff does not have to include any information regarding the amount of expenses and fees being requested at this time.   The matter will be noted for decision on November 14, 2014.

## CONCLUSION

The Defendant's Motion for Protective Order (Dkt. 66) is **DENIED.**

The Defendant shall file its brief as to why expenses and fees should not be imposed on or before November 7, 2014.  The Plaintiff shall file its brief in support of expenses and fees on or before November 14, 2014.  The Clerk shall note the matter of the Plaintiff's Motion for Expenses and Fees (Dkt. 81) on the calendar for November 14, 2014.

DATED this 27th day of October, 2014.

Karen L. Strombom
United States Magistrate Judge