UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH JOHNSON, a single person; SHELBY JOHNSON-ROWELL, a single person; and FALLON PETTIJOHN and BENJAMIN PETTIJOHN, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INSURANCE COMPANY, a foreign corporation,<br><br>Defendants. | CASE NO. C 14-5064 KLS<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR EXPENSES AND FEES |

On November 7, 2014 this Court entered an Order which denied the Defendant's Motion for Protective Order. Dkt. 83. In their opposition to the Defendant's motion, the Plaintiffs requested an award of expenses and fees. Fed. R. Civ. P. 26(c)(3) references Rule 37(a)(5) regarding whether an award of expenses should be made when a motion for protective order is denied.

ORDER GRANTING PLAINTIFFS' MOTION FOR EXPENSES AND FEES- 1

> If the motion is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

In light of this rule, the Court directed the Defendant to file its response to the Plaintiffs' request on or before November 7, 2014 and directed the Plaintiffs to file their brief on or before November 14, 2014. The parties have timely complied with the Court's Order.

## DISCUSSION

Pursuant to Fed. R. Civ. P. 37(a)(5)(B), the Court should not impose fees and expenses if it finds that "the motion was substantially justified or other circumstances make an award of expenses unjust."

The Defendant asserts that its motion for protective order was substantially justified "[i]n light of Plaintiffs' counsel's clear intention to ask questions of Allstate employees at depositions already noted, and potentially seek discovery from other individuals that may only have been involved post-IFCA, the only efficient avenue of relief available to Allstate was to seek the Motion for Protective Order." Dkt. 89, p. 4.

The Court does not find that this reason provides substantially justification for bringing the motion for protective order.

The Defendant's motion specifically requested the protective order "to prohibit depositions of, discovery to, and questions regarding individuals listed after November 7, 2013, pursuant to documents produced pursuant to the Court's Order re: discovery of Claims File." Dkt. 66, p. 1-2. It is undisputed that the documents referenced in this motion were not produced to the Plaintiffs until after the motion for protective order was filed. While in its Response to

Plaintiffs' Motion for Expenses and Fees (Dkt. 89) the Defendant asserts that depositions were already noted, the motion for protective order never referenced a deposition already noted. In fact, the Plaintiff objected to the Motion on the grounds that the individuals addressed in the motion were not identified. "Allstate asks the Court to enter an order prohibiting discovery from or about these individuals in a vacuum, without even providing their names or explaining what privilege allegedly applies." Dkt. 79, p. 2. It was for this very reason that the Court denied the motion as there was no party or person "from whom discovery is sought."

As further support that its position was substantially justified, Allstate points to this Court's Order which advises the parties that "[d]irections to the deponent not to answer are improper." Dkt. 4. While that is true, Counsel for Plaintiff notes that the rest of the section cited by defense counsel sets forth the procedure to be followed if the issue of privilege arises during a deposition. The entire section makes it clear as to what counsel should do, during the deposition itself, in order to protect a claim of privilege. Seeking protection from the court in advance of any depositions being scheduled and in advance of any questions being asked does not comply with this directive.

Finally, the Defendant relies on questions asked during the deposition of Ann Lewis as "a prime example of the discovery that the Motion for Protective Order sought to prevent." Dkt. 89, p. 2. Plaintiffs provided the Court with the questions asked of Ms. Lewis – they cover less than one page of what appears to have been a thirteen page deposition. In addition, based on the simple objection made by defense counsel, the line of inquiry was not pursued. This is not, in the Court's opinion, a prime example that can be used, after the fact, to show substantial justification for the Defendant's specific motion.

Plaintiffs also allege that the Defendant failed to comply with the meet-and-confer requirements before filing the motion for protective order. The basis for this argument is that the

Plaintiffs did not know the names of the individuals who might come under the requested protective order nor had Defendant provided, prior to the filing of the motion, the documents that were ordered by this Court to be produced, and which were referenced in the motion.  The Plaintiffs assert that this total lack of information made it impossible for them to meaningfully participate in a meet-and-confer.  The Plaintiffs raised this same issue in their opposition to the motion for protective order.  While the Court did not reach this issue in its order denying the motion for protective order, the Court agrees with the Plaintiffs.  Not only was it not possible for the Plaintiffs to make an educated determination as to what, if any, discovery they might wish to obtain from the unknown and unnamed individuals, it would also be difficult for this Court to determine, with no specific information, if the requested limitation was even in fact appropriate.  As noted by the Plaintiff, this Court already directed production of some documents that were created after the November 7, 2013 date.  The Court is also very aware of the fact that the Defendant does not agree with the Court's Order.  However, trying to reargue that order through the motion for protective order was inappropriate.

     As Plaintiffs point out, it would be unjust to not award expenses and fees.  This is true in light of the fact that Plaintiffs' counsel extended reasonable opportunities to the Defendant to avoid having to file the motion.

## CONCLUSOIN

     For the reasons identified above, the Court grants the Plaintiff's motion for fees and expenses related to their defense of the Defendant's Motion for Protective Order, preparation of their Brief in support of Expenses and Fees, as well as preparation of their specific request as to the amount they are seeking from this Court.

     The Plaintiffs' request for an award of expenses and fees, which was included in their opposition to the Defendant's motion for protective order (Dkt. 79, p. 11) is GRANTED.

1  The Plaintiffs shall file a declaration describing the fees and costs incurred on or before
2  December 5, 2014.  The Defendant may file its response on or before December 12, 2014.  The
3  Clerk is directed to note this matter for December 12, 2014.
4  DATED this 20th day of November, 2014.

Karen L. Strombom
United States Magistrate Judge