UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH JOHNSON, a single person; SHELBY JOHNSON-ROWELL, a single person; and FALLON PETTIJOHN and BENJAMIN PETTIJOHN, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY d/b/a ALLSTATE INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | CASE NO. C 14-5064<br><br>ORDER REGARDING MOTION TO COMPEL |

Plaintiffs' seek an order to compel the Defendant to conduct a computer search of email for thirty-four employees that Allstate has identified as having discoverable information related to this litigation. Dkt. 85. Allstate opposes the motion.

In its Initial Disclosures, Allstate identified thirty-eight employees who "may have discoverable information regarding the policy(ies) of insurance issued to Plaintiff Deborah

ORDER REGARDING MOTION TO COMPEL- 1

Johnson, as well as coverage and adjustment issues, including, but not limited to, claims investigation, claims decisions, and claims analysis." Dkt. 80, p. 11 – 12.  A search of email for four of the listed employees who were the main adjusters on this case – Ryan Jensen, Alisha Jensen, Nasaria Cardoza and Ann Lewis – has been conducted.  Allstate has refused to do a search for the remaining thirty-four employees on the grounds that to do so would be an undue burden.

FACTS

With regard to the remaining thirty-four employees, Allstate has not provided a description of what information each of these employees has with regard to the Plaintiffs' claims even though this was specifically requested in Plaintiffs Interrogatory No. 5.  Dkt. 86-1, p. 15.  Rather than provide the requested description of each person's knowledge, the Defendant referred to its Initial Disclosures - which merely provided a list of names.  The Court has received no explanation as to why the Defendant did not provide the information requested nor have the Plaintiffs' filed a motion to compel a more specific answer.  It became clear, however, during Ann Lewis' deposition that one of the individuals included in the list of thirty-eight, Rand Smith,  had an active role in reviewing and approving Allstate's coverage denial. Specifically, permission was requested by Ann Lewis of Rand Smith to approve denial of the Plaintiffs' claims.  Dkt. 72, CLAIM 4125.

The parties agreed to have the to the four primary adjusters (contents, ALE, structure and SIU) conduct their own email sweep to determine which emails should be produced that related to this litigation – which was done.  However, additional documents were produced by Allstate on October 28, 2014, the day before the scheduled deposition of Ann Lewis, Allstate's internal fraud investigator.  According to Ms. Huebner's Declaration, these new documents were produced because Allstate had just performed a thorough search of the email files of Ann Lewis,

1  Ali Jensen, Ryan Jensen and Nasaria Cardoza. Dkt. 85, pp. 4 – 5.  In addition to providing

2  newly discovered documents, the Defendant provided a privilege log which identified numerous

3  emails as being withheld.

4        Subsequent to the deposition of Ms. Lewis, Allstate provided Plaintiffs with a number of

5  the documents it initially identified as privileged – to include emails exchanged between Ann

6  Lewis and Rory Leid, dated between July 11 and 15, 2013.  While this late production of clearly

7  relevant emails raises some question regarding the thoroughness of the search performed by the

8  four adjusters and by Allstate – the issue before this Court is whether it should compel searches

9  of thirty-four additional Allstate employees.

10        Allstate asserts that this request is a "fishing expedition" intended to detract from the real

11  issues in this case (Dkt. 101, p. 2) and that the requested emails are "not reasonably accessible

12  because of undue burden or cost."  Fed. R. Civ. P. 26(b)(2)(B).

13        It is hard to conclude that the requested search is a "fishing expedition" when these

14  individuals have been identified by Allstate as people who have discoverable information.  This

15  is particularly true with regard to Rand Smith inasmuch as it appears he had a role in the decision

16  to deny coverage.

17  LAW

18        Allstate asserts that the search of computers for thirty-four of its employees would be an

19  undue burden.  Fed. R. Civ. P. 26(b)(2)(B) provides as follows:

20      (B) *Specific Limitations on Electronically Stored Information.*
    A party need not provide discovery of electronically stored information
21      from sources that the party identifies as not reasonably accessible because
    of undue burden or cost.  On motion to compel discovery or for a protective
22      order, the party from whom discovery is sought must show that the
    information is not reasonably accessible because of undue burden or cost.
23      If that showing is made, the court may nonetheless order discovery from such
    sources if the requesting party shows good cause, considering the limitations
24      of Rule 26(b)(2)(C).  The Court may specify conditions for the discovery.

## DISCUSSION

Allstate relies on the Declaration of Christine DeMilio (Dkt. 103) in support of its position that the search being requested by the Plaintiffs would create an undue burden. Ms. DeMilio is involved with requesting collections of electronic data from computers of Allstate's employees. Ms. DeMilio's declaration is of limited value in this case as her testimony is very general and fails to include specific information regarding this case. Based on Ms. DeMilio's declaration, it appears that a search could take up to 96 hours per computer. That also leaves the inference that it could take less time as it depends on the circumstances. In addition, according to Allstate, it *voluntarily* conducted a search of each of the four primary adjusters' computers and that the search was conducted by following the steps identified by Ms. DeMilio. Dkt. 101, p. 4. Allstate does not, however, provide any specific information as to how long it took to actually conduct the search of the computers of the four primary adjusters. Rather, Allstate relies on the general statements made by Ms. DeMilio which makes absolutely no mention of conducting a search of the computers of the four primary adjusters. The Court concludes that the Defendant has failed to show undue burden (of time) to conduct the search as requested.

Defendant also asserts that the requested discovery is "outside of that permissible under Fed. R. Civ. P. 26." Dkt. 101, p. 6. However, Defendant does not identify how the request is beyond that allowed pursuant to Fed. R. Civ. P. 26(b)(1).

Defendant asserts that the present discovery request is "yet another limitless attempt at discovery meant only to burden Allstate in this case, and to detract from the issues in this case." Dkt. 101, p. 7. In support of this position counsel for Allstate asserts that the four adjusters "performed from 95% - 98% of the work on this file prior to the denial of Plaintiffs' claim." *Id*.

at p. 8. As noted by Plaintiffs, however, there is no evidence presented to the Court to support this assertion.

With regard to Allstate's assertion that the request is "another limitless attempt at discovery," the undersigned finds this to be the case only due to Allstate's failure to provide more specific information regarding the thirty-four people it identified as having discoverable information. It is, in addition, difficult for the plaintiff to identify a missing email (which Defendant asserts Plaintiffs should do (Dkt. 101, p. 10)) when the Defendant has refused to identify what knowledge each of the thirty-four employees have.

## CONCLUSION

Fed. R. Civ. P. 26(b)(2)(C)(iii) allows the Court to limit the extent of discovery if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

It is extremely difficult for the Court to reach the conclusion that all thirty-four Allstate employees who were identified by Allstate in its Initial Disclosures have significant, relevant discoverable emails or documents. It appears to the Court that Plaintiffs agree as they have, on several occasions, requested a description of the knowledge of each person so a determination could be made as to whether discovery should be pursued. For whatever reason, Allstate has either failed or refused to provide the information that was specifically requested in Interrogatory No. 5.

On the other hand, it is clear that Rand Smith, one of the thirty-four employees, was involved in the decision to deny coverage – clearly an issue in this case.

Based on the above, the Court **ORDERS** as follows:

1.   Allstate shall conduct a computer search of Rand Smith's computer and produce all relevant emails no later than **4:00 p.m., Wednesday, January 7, 2015**.

2.   Allstate shall specifically answer Interrogatory No. 5 by identifying, with specificity, the job description of each person listed in its Initial Disclosures, Paragraph 5 (excluding only Ryan Jensen, Alisha Jensen, Nasaria Cardoza and Ann Lewis), identify with particularity the work performed by each person as it relates to the Plaintiffs' claims, and identify with particularity the type of relevant discoverable information each employee possesses.  This identification shall be filed and served no later than **4:00 p.m., Wednesday, January 7, 2015**.

3.   Upon Allstate's compliance with Paragraph 2, above, Plaintiffs shall make a well-reasoned assessment as to which employees computers need to be searched for discoverable information keeping in mind the limitations provided in Fed. R. Civ. P. 26(b)(2)(C)(iii). Plaintiffs shall then, in writing, identify each employee whose computer they request to have searched.  This notice shall be provided to the Defendant and filed with the court, no later than **4:00 p.m., Monday, January 12, 2015.**

4.   Upon Defendant's receipt of the notice required in Paragraph 3, above, the Defendant shall conduct the requested searches and provide the results to Plaintiff no later than **4:00 p.m., Friday, January 23, 2015,** unless the scope or the time is extended by further Court order.

DATED this 29th day of December, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER REGARDING MOTION TO COMPEL- 7