1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10   DEBORAH JOHNSON, a single person;
      SHELBY JOHNSON-ROWELL, a single        CASE NO. C 14-5064
11   person; and FALLON PETTIJOHN and
      BENJAMIN PETTIJOHN, a marital           ORDER DENYING DEFENDANTS
12   community,                               MOTION TO QUASH

13                   Plaintiffs,

14         v.

15   ALLSTATE PROPERTY AND
      CASUALTY INSURANCE COMPANY
16   d/b/a ALLSTATE INSURANCE
      COMPANY, a foreign corporation,
17
                     Defendant.
18

19

20         Plaintiffs served a subpoena duces tecum on Cole Wathen Leid Hall, P.C. on October 17,

21   2014.  The subpoena commands production of "all information dated prior to November 7, 2013,

22   that reflect, relate, or refer to" the following twelve areas of inquiry.  In response to the

23   subpoena, the  Defendant filed a motion to quash the subpoena duces tecum based on attorney

24   work product.  Dkt. 87.

# I.  LAW

Fed. R. Civ. P. 45(d)(3)(A)(iii) permits the court, on timely  motion, to quash or modify a subpoena that requires disclosure of privileged or other protected matter, if no exception or waiver applies.

Fed. R. Civ. P. 26(b)(1) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ...  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(3)(A) limits discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." But, these materials may be discovered if "(i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."[1]

The work-product doctrine shelters the mental processes of attorneys and is a procedural immunity governed by Fed. R. Civ. P. 26(b)(3).  *Lexington Ins. Co.,* 240 F.R.D. 662, 666 (W.D. Wash. 2007).  The doctrine is a court-created doctrine, first announced by the Supreme Court in *Hickman v. Taylor,* 329 U.S. 495, 67 U.S. Ct. 385, 91 L.Ed. 451 (1947).  The doctrine serves as a limitation on pretrial discovery and is not an evidentiary privilege.  *United States v. Nobles,* 422 U.S. 225, 246, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).   Rather, the work product doctrine creates a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation.  *Admiralty Ins. Co. v. U.S. Dist. Court for Dist. Ariz.,* 881 F.2d 1486, 1494 (9th Cir. 1989).

---

[1] The citation in Defendant's Motion to Quash to Rule 26(b)(3) (Dkt. 87, p. 3) quotes CR 26 of the Rules for Superior Court and not the Federal Rules of Civil Procedure.

1    In order to qualify for the work product protection,  documents must have two

2    characteristics:  (1) they must be prepared in anticipation of litigation or for trial,  and (2) they

3    must be prepared  by or for another party or by or for that other party's representative.  *In re*

4    *California Pub. Utils. Comm'n,* 892 F.2d 778, 780-81 (9th Cir. 1989).

5    A party withholding materials under an assertion of privilege has the burden of proving

6    that the withheld materials are actually privileged.  *Aecon Buildings, Inc. v. Zurich North*

7    *America*, 253 F.R.D. 655, 659-660 (W.D. Wash. 2008).  The work-product protection applies to

8    documents and tangible things prepared in anticipation of litigation or for trial.  Fed. R. Civ. P.

9    26(b)(3).  Documents prepared in the ordinary course of business are not protected.  Fed. R. Civ.

10   P. 26(b)(3), 1970 Advisory Committee Notes.  The Court notes that the investigation and

11   evaluation of claims is part of the regular, ordinary and principal business of insurance

12   companies and its representatives.

13                                    **II. PRIOR RULING OF THIS COURT**

14   This Court has determined that Rory Leid, current counsel for the Defendant,

15   "was engaged in the quasi-fiduciary tasks of investigating, evaluating and processing the

16   Plaintiffs' claims and that the presumption that there is no attorney-client privilege relevant

17   between the insured and the insurer in the claims adjusting process applies." Dkt. 41, p. 7.

18   In addition, the Court concluded, at the invitation of the Defendant, that the Defendant

19   knew "of impending litigation as of November 7, 2013 when Plaintiffs' counsel told Allstate that

20   [her] clients were going to initiate litigation against Allstate." This finding, as to when Defendant

21   reasonably knew of impending litigation, is binding throughout this litigation and is not limited

22   to the Order Regarding Discovery (Dkt. 41).

23   //

24   //

### III. ANALYSIS

1
2    The Defendant asserts protection of the work product doctrine for the categories of

3 documents  listed in the Plaintiffs' subpoena duces tecum.  However, the documents requested in

4 the subpoena are for documents generated prior to November 7, 2013– which is the date that this

5 Court determined to be the date when the Defendant first knew of impending litigation.  With

6 this being the date by which the Defendant knew of impending litigation it is unclear to the Court

7 how it can now claim work product protection for work accomplished prior to that date,

8 especially when this Court has also determined that Attorney Leid was engaged in quasi-

9 fiduciary tasks of investigating, evaluating and processing Plaintiffs' claims prior to that date.

10    The Defendant takes the position that the ruling in *Cedell v. Farmers Insurance Company*

11 *of Washington,* 176 Wash. 2d 686, 295 P.3d 239 (2013) is of no consequence when analyzing

12 protection based on attorney work product due to the fact that *Cedell* applies only to the claim of

13 attorney client privilege.  This Court agrees that analysis of the work product doctrine must be

14 performed pursuant to Fed. R. Civ. P. 26(b)(3).  However, this Court has already ruled that the

15 Defendant did not anticipate litigation until November 7, 2013 (Dkt. 41, p.9)– one of the dates

16 initially offered by the Defendant.  Thus, why *Cedell* focuses on the attorney client privilege, this

17 Court's determination as to the type of work performed by Mr. Leid is of consequence to the

18 Defendant's asserted protection of work product for materials prepared prior to November 7,

19 2013.

20    In order to obtain protection of the work product doctrine the Defendant must show that

21 the documents were (1) prepared in anticipation of litigation or for trial and (2) they were

22 prepared by or for another party or by or for that other party's representative.  The Defendant has

23 made no attempt to meet this burden.  Rather, it appears that Allstate asserts the protection of

24 work product based solely on the fact that the subpoena is directed to a law firm.  Allstate has not

1  provided a privilege log or in any other fashion attempted to specifically identify the documents

2  it believes to be protected under work product or to provide facts to support that assertion.

3       The fact that the subpoena requests documents from an attorney's office is not, in and of

4  itself, sufficient to prevent the discovery.  The Court has found that Mr. Leid was engaged in the

5  quasi-fiduciary tasks of investigating, evaluating and processing the Plaintiffs' claims.  As such,

6  the fact that he is also an attorney does not override the purpose of his initial involvement in this

7  litigation – which was, in effect, serving as a claims adjuster.

8       The Court also notes that the Defendant has made no showing that the documents it seeks

9  to protect were prepared in anticipation of litigation or for trial.  Rather, it appears that the

10 Defendant believes this to be obvious because the requested documents come from an attorney's

11 office.  However, as noted above, this case is complicated by the fact that (1) the Court has found

12 Mr. Leid to have engaged in quasi-fiduciary tasks of investigating, evaluating and processing the

13 Plaintiffs' claims, in other words, acting as a claims adjuster,  and (2) that the Defendant did not

14 know of impending litigation until November 7, 2013.

15      While the Court has found that the Defendant has failed to meet its burden, Defendant

16 asserts that the Plaintiffs have failed to meet their burden of showing a compelling need for the

17 requested documents.  However, the Court concludes that the Plaintiffs have met their burden in

18 that regard. "[T]his is a bad faith insurance case, therefore the strategy, mental impressions and

19 opinions of the insurer's agents concerning handling the claim are at issue." *Ivy Hotel San Diego,*

20 *LLC v. Houston Cas. Co.,* 2011 U.S. Dist. LEXIS 11974, *21-22 (S.C. CA 2011).

21 //

22 //

23 //

24 //

1

**IV.  CONCLUSION**

2        The Defendant's Motion to Quash (Dkt. 87) is **DENIED.**  The Defendant is directed to

3   respond to the subpoena duces tecum no later than 4:00 p.m. on **January 9, 2014.**

4

5        DATED this 29th day of December, 2014.

6

7

8                                        Karen L. Strombom
                                         United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24